UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM PAUL FINK,

    Petitioner,                                  Case No. 1:13-cv-689

v.                                               HON. JANET T. NEFF

WILLIE SMITH,

    Respondent.
_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner presents four objections to the Magistrate Judge's Report and Recommendation. First, Petitioner argues that in analyzing his sufficiency-of-the-evidence claim, the Magistrate Judge "cited the correct law, but failed to consider the substance of the claim" (Pet'r Obj., Dkt 43 at PageID.961). Petitioner points to the violations of the forensic protocols, the tainted and

contradictory testimony from S.N., motivations for fabricating allegations against Petitioner, and other "bizarre" facts surrounding the disclosure of sexual abuse, which Petitioner opines were "ignored by the jury" (*id.* at PageID.962-963).

There is simply no merit in Petitioner's argument that the Magistrate Judge failed to consider the substance of his sufficiency-of-the-evidence claim. The Magistrate Judge carefully set forth the facts of Petitioner's case and properly applied the relevant case law and authorities. The Court wholly agrees with the Magistrate Judge's ultimate conclusion that Petitioner's argument regarding the alleged insufficiency of the evidence against him is "nothing more than a request that this Court re-weigh the evidence and substitute its judgment for that of the jury, something which the Court cannot do" (R&R, Dkt 42 at PageID.942). The Magistrate Judge properly concluded that this claim raises no issue upon which habeas relief may be granted.

Second, regarding his due process claim, Petitioner concedes that the Magistrate Judge correctly found that trial counsel failed to move to suppress the complainant's testimony before trial, but Petitioner argues that "the severity of the taint from the improper and illegal 'forensic' interview did not become so stark and obvious" until "testimony actually occurred at trial" (Pet'r Obj., Dkt 43 at PageID.964). According to Petitioner, "[t]he magistrate ignored the trial testimony from both the defense witnesses and prosecution witnesses that demonstrated just how irrevocably tainted the testimony of the complainant became after the first 'Hurrle' interview that violated the forensic interview protocols in numerous ways," which Petitioner delineates (*id.* at PageID.964-969).

As a threshold matter, Petitioner's objection falls short in light of the fact that he not only failed to move to suppress the complainant's testimony before trial but also failed to present his due process argument in his state court appeals. In any event, the Magistrate Judge recommended denial

of his claim on the merits, Petitioner's failure to exhaust notwithstanding. In this regard, Petitioner's assertion that the Magistrate Judge "ignored" certain trial testimony is belied by the Magistrate Judge's thorough recitation of facts and, in particular, by the Magistrate Judge's discussion of the expert testimony of Katherine Okla and Sarah Killips (R&R, Dkt 42 at PageID.929-931, 934-936, 943-946). Indeed, the Magistrate Judge determined that Petitioner made a strategic, albeit unsuccessful, choice to challenge S.N.'s credibility through cross-examination and expert testimony (*id.* at PageID.946). The Magistrate Judge properly concluded that this claim likewise raises no issue upon which habeas relief may be granted.

Third, Petitioner argues that in evaluating his 8th Amendment challenge to the mandatory minimum sentences of twenty-five (25) years imposed on Counts 1 and 5, the Magistrate Judge "did not conduct the necessary proportionality analysis" and instead "merely deferred" to the statutory sentence limits set by the legislature (Pet'r Obj., Dkt 43 at PageID.970-973). Petitioner's argument is misplaced. The Magistrate Judge did not merely defer to the legislature but expressly determined that the Michigan court of appeals' decision that Petitioner's sentences are in no way "grossly disproportionate" to the crimes of which he was convicted is a decision that is neither contrary to, nor involves an unreasonable application of, clearly established federal law (R&R, Dkt 42 at PageID.947-948). The Magistrate Judge further found that the appellate decision was not based on an unreasonable determination of the facts in light of the evidence presented (*id.* at PageID.948).

Last, on the issue of his competency at the time a plea offer was made, Petitioner argues that the Magistrate Judge erred in finding that the relevant facts did not necessitate further development (Pet'r Obj., Dkt 43 at PageID.973-975). Petitioner asks that this Court either remand to allow him to develop a factual record or order an evidentiary hearing before this Court on the issue (*id.* at

3

PageID.975).  The Michigan court of appeals rejected Petitioner's claim that he lacked sufficient competence to reject the plea offer, and the Magistrate Judge determined that Petitioner "still has presented no evidence to support his claims of childhood abuse or alleged incompetence" (R&R, Dkt 42 at PageID.949).  Petitioner's mere assertion to the contrary does not operate to demonstrate error in the Magistrate Judge's determination.

Having decided that Petitioner's objections lack merit, the Court must further decide pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 43) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 42) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: September 12, 2016                         /s/ Janet T. Neff
                                                 JANET T. NEFF
                                                 United States District Judge